Daubenspeck v. Grear.

---

## DAUBENSPECK *et al.* v. GREAR *et al.*

PLAINTIFF takes up two hundred and twelve acres of land under the Possessory
Act of this State, encloses it, and plants it with fruit and ornamental trees
and shrubbery. Defendants enter upon a portion of the tract for mining pur-
poses, dig up and destroy the trees and shrubbery, and threaten to continue
such trespasses—claiming the right so to do by paying to plaintiff the money
value of the trees, etc. Plaintiff sues for damages for the trespasses com-
mitted and asks a perpetual injunction against future trespasses—verdict: "We
the jury award the plaintiff forty-two dollars damages." Judgment accordingly,
the Court refusing to perpetuate the injunction. Plaintiff had recovered a simi-
lar verdict in a previous suit: *Held,* that the verdict is conclusive of the rights of
the parties, and that perpetual injunction against the trespasses should issue ;
that the nature of the property destroyed and threatened to be destroyed is
such that the injury is irreparable ; that plaintiff is not bound to take the mere
money value of the trees, as they may possess a peculiar value to him.

APPEAL from the Fifth District.

Injunction to restrain defendants from entering within plaintiff's enclosure and digging up and washing away fruit trees, etc., and for damages.

Plaintiffs, some eight years since, took up a tract of about two hundred and twelve acres of land under the Possessory Act of this State, enclosed it and planted it with fruit trees.   The complaint avers, in substance, that plaintiffs and those under whom they claim now are and from the year 1852 have been the owners and in possession of a certain tract of land about two hundred and forty feet long by one hundred and sixty feet wide ; that in 1857 they planted on said tract one hundred and sixteen apple and peach trees of two years' growth, which are now fruit-bearing trees ; that plaintiffs took up, enclosed and hold said land under the Possessory Act of this State for agricultural purposes ; that there is on the land a frame house, the residence of one of the plaintiffs, fifteen ornamental trees and a large quantity of shrubbery, which are permanent and valuable improvements ; that defendants on the twenty-first of December, 1860, and at other times entered upon said premises and dug a ditch thereon for mining purposes, thus washing away and destroying the trees, and that they threaten to continue so to do ; that these acts if continued will cause irreparable injury, etc.; that defendants are insolvent ; that plaintiffs have already sued defendants for similar trespasses and obtained judgment.   Prayer for perpetual injunction, and for damages.

The answer denies insolvency, and then substantially sets up that plaintiffs hold as agriculturists only under the Possessory Act, and that defendants, being miners, have a right to enter for mining purposes ; that they have paid the judgment against them for the value of trees heretofore destroyed, and have offered and are ready to pay the value of all trees destroyed, which they put at three dollars per tree.

The case was tried before a jury.   The evidence is not in the record, but the agreed statement of facts is as follows, to wit:   .

Plaintiffs some eight years since took up a possessory claim under the laws of this State, containing two hundred and twelve acres on the mineral lands, fenced and enclosed the same for the purposes of a fruit orchard, and planted the same with fruit trees.

Daubenspeck *v.* Grear.

Defendants, being miners, about four years since took up a mining claim inside this enclosure, consisting of a piece of ground about two hundred feet long by one hundred and thirty feet wide, containing about one hundred and thirteen of these fruit trees, most of them bearing fruit, which was sold by plaintiffs.  Defendants having destroyed some of these trees in their mining operations, plaintiffs began suit against them, obtained a temporary injunction, and subsequently a judgment for the sum of forty-two dollars, as the value of the trees destroyed.  The Court refused to make the injunction perpetual.  In pursuing their mining operations defendants again dug up and destroyed several other trees growing on the same piece of ground, having previously tendered to plaintiffs the value of the trees they were about to destroy, which tender plaintiffs declined to accept, and the money was deposited in Court. Plaintiffs again brought suit and obtained another temporary injunction.  The verdict on trial was—" We, the jury, award the plaintiffs forty-two dollars damages."  Judgment accordingly.  Plaintiffs then moved the Court on the pleadings, the foregoing facts and judgment, to make the injunction perpetual against digging up the trees.  Motion denied, and an order made refusing to continue the injunction.  From which refusal and order plaintiffs appeal.

*H. P. Barber* and *C. Dorsey,* for Appellants.

1. The sole question is whether miners, by tendering what they conceive to be sufficient damages, have a right to destroy private property at their pleasure for mining purposes.  *Gillan* v. *Hutchinson* (16 Cal. 154) settles this question so far as private property situated on mineral lands is concerned ; so long as the land remains in its natural state, or is used only for grazing purposes, the miner may have a right to enter ; but when it has been cultivated and fruit trees or other valuable improvements placed on it, the miner under no circumstances possesses the right to destroy those improvements at his pleasure.

If the agriculturist has located the land and raised an orchard prior to the location of the mining claim—as in this instance—the miner has no right to complain.

2. The injunction should have been perpetuated.  (Adam's Eq.

210, 211; 2 Story's Eq. Jur. secs. 926–928; *Gardner* v. *Trustees of Newburgh*, 2 Johns. Ch. 164; *Croton Turnpike Co.* v. *Ryder*, 1 Id. 611; *Bergen* v. *Bergen*, 3 Id. 182; *Varick* v. *Mayor of New York*, 4 Id. 53; *Reid* v. *Gifford*, 1 Hopkins' Ch. 416.)

*H. O. & W. H. Beatty*, for Respondents.

1. Miners may enter for mining purposes upon agricultural lands in the possession of another. (*Stoakes* v. *Barrett*, 5 Cal. 36; *McClintock* v. *Bryden*, Id. 97; *Burdge* v. *Underwood*, 6 Cal. 45; *Martin & Davis* v. *Browner et al.* 11 Id. 12; *Clarke* v. *Duval*, 15 Id. 85; *Smith* v. *Doe*, Id. 100; *Slade* v. *Sullivan*, 17 Id. 102.)

2. If appellants took up the lands eight years since, as is admitted, for agricultural purposes, the respondents had a right to mine thereon so long as they were used only for grazing and ordinary agricultural purposes; so they had a right, while the lands were thus held for agricultural purposes, to go on them and locate a mining claim of the ordinary size to be worked as the season and supply of water would allow. And if, as we maintain, the claim was located before the trees were planted, the respondents acquired a vested right, and they could not be deprived of that right by the appellants planting trees on their claim.

Again: appellants own the trees and ought not to be deprived of them without some strong reason for it. So the respondents own the mining claim and have a right to dig the gold out of it, if it can be done without unreasonable damage to others. Suppose the trees to be of but little value, and the gold of great value, would it not be more reasonable to allow the respondents to dig their gold and pay for the trees, than to protect trees and lose the gold entirely; the soil does not belong to the owner of the trees, but to the Government. It is simply a question who shall use the Government soil for making a profit out of it. It was a proper subject for the discretion of the Court below, having all the facts before it, to determine whether it would grant a perpetual injunction, or suffer the respondents to mine the ground by paying for the trees destroyed. That Court has exercised that discretion, and this Court ought not to interfere. (*Slade* v. *Sullivan, supra.*)

Cope, J. delivered the opinion of the Court—Field, C. J. and Baldwin, J. concurring.

There is no doubt that the plaintiffs are entitled to the equitable relief prayed for. The verdict is conclusive of the rights of. the parties, and the only remedy from which the plaintiffs can derive adequate relief is by injunction. They are threatened with injuries which must, if committed, result in the destruction of their property, and it is the duty of the Courts in such cases to interpose and prevent the perpetration of the injurious acts. We can hardly conceive of a more appropriate case than the present for the administration of this species of justice; the mischief against which the plaintiffs seek protection is irreparable in its nature, and destructive of interests for which no equivalent can be returned. The fact that the defendants are willing to pay for the property is immaterial, for there are no means of determining whether the value of the property in money would compensate the plaintiffs for its destruction. It may possess a value to them which no other person would place upon it; and there is neither justice nor equity in refusing to protect them in the enjoyment of it, merely because they may possibly recover what others may deem an equivalent in money. The nature of the property, which consists of fruit trees, ornamental shrubbery, etc., gives them a peculiar claim to this protection.

The order appealed from is reversed, and the cause remanded for a judgment in accordance with this opinion.