CHARLES M. LEOPOLD

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS, etc.

*Filed at Ottawa March 24, 1892.*

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*effected by appointment of a receiver—compelling discovery of assets.* Where a partner of an insolvent firm files a bill for the dissolution of the firm, and for the appointment of a receiver to collect the firm property and convert the same into money for the benefit of its creditors, and the other

partners consent thereto and a receiver is appointed, this will amount to an assignment of the partnership assets for the benefit of the creditors, to be administered by or under the direction of the court, which will thereby give the court jurisdiction to require the several partners to turn over the partnership assets to the receiver, and to submit to an examination under oath before the master in respect to the assets, and to enforce obedience to such order by fine or imprisonment, or both.

2. In such case, the court having jurisdiction to make the order, the partners can not refuse obedience merely because of irregularity or error in the proceeding. They should at least obey the order to the extent that it is regular, and ask the protection of the court against that part which is erroneous.

3. DISCOVERY—*not confined to creditor's bill.* In proceedings under a creditor's bill, the court may order parties in possession of property sought to be reached, to turn the same over to a receiver, and to submit to an examination on oath as to such property, before the court or a master; and such power is not confined to creditor's bill.

4. CONTEMPT OF COURT—*disobeying erroneous order.* A party can not be guilty of contempt of court for disobeying an order which the court had no authority to make. But want of power must not be confused with mere irregularity in the exercise of power. If the court has jurisdiction of the parties and of the subject matter, and legal authority to make the order, the party can not refuse to obey it, however improvidently or erroneously made.

5. SAME—*compelling obedience to chancery order—civil proceeding.* A proceeding to compel a party to obey an order made in a chancery suit, for the benefit of creditors of an insolvent firm, is a civil action, though in some respects carried on as a criminal proceeding.

6. APPEAL—*from judgment of Appellate Court affirming order of commitment for contempt in chancery proceeding.* Where a party to a chancery suit to close up the affairs of an insolvent partnership in which a receiver is appointed, refuses to submit to an examination under oath as to the assets of the firm, and is fined and ordered to stand committed, and the Appellate Court affirms the order of the court below, an appeal will lie from the judgment of the Appellate Court, the proceeding being a civil suit not sounding in damages.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. TENNEY, CHURCH & COFFEEN, for the appellant.

Messrs. MOSES, PAM & KENNEDY, for the People.

Mr. Justice Wilkin delivered the opinion of the Court:

On the 17th of November, 1890, Henry Leopold filed his bill in chancery in the Superior Court of Cook county, against appellant and Rosa Leopold, to settle a partnership. The bill alleged that the complainant and said defendants were partners, engaged in the wholesale clothing business in the city of Chicago, and had failed; that judgments had been entered against the firm to the amount of some $150,000, on which executions had been issued, and levied upon all its tangible assets, which were then in the hands of the sheriff of Cook county, under such liens; that the assets of the firm consist of the stock of goods and outstanding debts due from customers; that a large number of suits have been commenced against said firm by various creditors, and complainant fears that the accounts and debts due the firm will be subjected to garnishment, and otherwise tied up by legal process, and their collection greatly impeded; that by reason of the insolvency of said firm and its inability to continue in business, the complainant desires to have its affairs wound up and an accounting had between the various members, their rights among themselves ascertained, the debts of the firm determined, and its assets distributed among its creditors according to their several rights. The prayer is, that the partnership may be dissolved and its affairs wound up; that an accounting may be had, and the rights and equities of the said partners determined by the court; that a receiver be appointed, of the firm property, to collect and convert the same into money and distribute it among the creditors; that the indebtedness of the firm be ascertained and the assets distributed among the creditors, as their rights may appear.

On the same day the bill was filed the defendants entered their appearance and consented to the appointment of a receiver as prayed in the bill, and an order was immediately, entered by the court appointing one James H. Burk to that

position. By the order appointing the receiver, the members of the firm were ordered to deliver over to him all the property, books and papers in their possession, belonging to the partnership business, and required Henry and Charles M. Leopold, or one of them, to appear before Alexander F. Stevenson, master in chancery, at such time as he should designate, and execute, in the name of said firm, an assignment of its property to said receiver.

On the 19th of the same month T. J. Davis & Co., creditors of said firm, filed an intervening petition, setting up their claim, and stating that they were advised that no property had as yet come into the hands of the receiver; that said firm had a large number of books and papers bearing upon said partnership affairs, which ought to be in the hands of the receiver. They ask to be allowed to become intervening petitioners, and that said partners be required to appear before the master in chancery for the purpose of assigning their property to said receiver and surrender all books and papers bearing upon said partnership, and that each of them be cited to appear before the master to be examined in reference to the state of the partnership and its property.

On the 5th of December following, the parties all appearing, a hearing was had on this petition, and it was ordered, "that Henry Leopold and Charles M. Leopold appear before Alexander F. Stevenson, a master of this court, to whom the cause is hereby referred, for the purpose of being examined in reference to the state of said co-partnership and its property; that said master fix the time for such examination, and issue subpœnas for the attendance of such witnesses as may have any knowledge of the affairs of said co-partnership, and that any creditor of said firm may participate in said examination. It is further ordered that the cause be referred to the master, for the purpose of permitting creditors of the partnership to file their proofs of claims with the master within sixty days

after the expiration of notice published four successive weeks, and mailed to each creditor."

On the 8th of the same month the master reported that Henry Leopold had, on the 26th of November, in behalf of said firm, made an assignment of its property to the receiver. The assignment which accompanies the report describes no property or books. He also reported, on the 12th of that month, that after being duly subpœnaed, both Henry and Charles M. Leopold refused to appear before him and submit to an examination, as ordered by the court. Thereupon a rule issued against them to show cause, etc. Service of the rule being waived, they answered, insisting that the court had no power or authority to make the order which they were charged with violating. The court holding the answer insufficient, gave them an opportunity to still obey the order and be discharged, but they refused. They were then each fined $200, and ordered to stand committed until the fine was paid, unless sooner discharged by order of the court. From that judgment Charles M. prayed an appeal to the Appellate Court, with the understanding of parties that the case of Henry should abide the result. The Appellate Court having affirmed the judgment of the Superior Court, this appeal is prosecuted.

Appellee has entered a motion to dismiss the appeal for want of jurisdiction in this court, and that motion we reserved to the hearing. This motion is based on alternative grounds, viz., the action is criminal, and there being no provision in our statute authorizing appeals in criminal cases from Appellate Courts to this court, none will lie; or, if the case is not criminal, no appeal lies without a certificate of importance from the Appellate Court, the judgment being less than $1000. The proceeding in the Superior Court was to compel obedience to an order made in a chancery proceeding, for the benefit of the creditors of the insolvent firm, and is therefore a civil action, though in some respects carried on as a criminal proceeding. (See *Crook* v. *The People*, 16 Ill. 535; *Buck* v.

*Buck*, 60 id. 105.) As a civil action there can be no doubt of the right of appeal from the Appellate Court to this court, without reference to the amount of the judgment below.. The statute is: "And in all cases sounding in damages, wherein the judgment of the court below is less than $1000, exclusive of costs, etc. In all other cases appeals shall lie and writs of error may be prosecuted from the final judgments, orders or decrees of the Appellate Court to the Supreme Court." This is in no sense an action "sounding in damages." The fine of $200 is but a punishment for disobedience of an order of the court. The penalty might have been imprisonment, only. In that case it would not be pretended that the right of appeal would depend upon a certificate of importance. The motion to dismiss will be overruled.

The case, on its merits, turns upon the question whether or not the order of the 5th of December, 1890, was valid. A party can not be guilty of contempt of court for disobeying an order which the court had no authority of law to make. Want of power, as here used, is not, however, to be confused with mere irregularity in the exercise of power, for if the court has jurisdiction of the parties, and legal authority to render the order, then a party can not stand in defiance of it, however improvidently or erroneously made. *Cape May and S. L. R. R. Co.* v. *Johnson*, 35 N. J. Eq. 425; *Mayor of New York* v. *Conover*, 5 Abb. Pr. 251; *Tolman* v. *Jones et al.* 114 Ill. 147.

In the argument, the sufficiency of the intervening petition on which the order was made is questioned, and the fact that it was filed before appellant had answered the bill is urged against its validity. By entering his appearance and consenting to the appointment of a receiver appellant admitted the partnership, and the necessity for placing the firm assets in the hands of a receiver for the benefit of its creditors. While the bill was to settle a partnership, it showed on its face that the partnership was hopelessly insolvent, and that the creditors of the firm were the only parties interested in the

assets, and that the object in filing the bill was to secure an equal distribution of those assets among all the creditors of the firm. Therefore, when appellant entered his appearance and consented to the appointment of the receiver he in effect placed himself under the jurisdiction of the court, so far as it had the power to require the property of the firm to be transferred to a receiver, as effectually as though he had been a complainant in the bill. He was as much subject to the order of the court as was the complainant Henry Leopold. The conduct of the members of the firm amounted to an assignment of the partnership assets for the benefit of all its creditors, to be administered by or under the directions of the court. (*Jackson et al.* v. *Lahee,* 114 Ill. 296.) Every creditor of the firm was thereafter interested in the proceedings. The duty of the court was to protect the property for their benefit.

The only question then is, when the court had before it, on the 5th of December, all the parties, and jurisdiction of the subject matter, viz., the power to order appellant, as well as Henry Leopold, to deliver to the receiver all the property, books, papers and other effects belonging to the partnership, had it also the power to require the members of the firm to submit to an examination, under oath, as to what property, books, papers and effects it had. It would seem to be inconsistent to say, "the court had the power to require the assets to be delivered to the receiver, but no authority to inquire whether or not such order had been obeyed." In *Hart* v. *Ten Eyck et al.* 2 Johns. 513, (cited in the opinion of the Appellate Court,) in speaking of the power of a court of chancery to require parties to present to the master, on oath, their books and papers, the better to enable him to state an account, it is said: "The practice itself is according to the constitution of the court, which appeals to the conscience of the party. A right to discovery by the party's own oath is one of the original and most essential heads of equity jurisdiction." In proceed-

ings under a creditor's bill it is well settled that the court may order parties in possession of property sought to be reached to turn the same over to a receiver, and to submit to an examination, on oath, as to such property, before the court or a master. (High on Receivers, sec. 415.) We perceive no good reason for confining this power to creditors' bills, and think the authorities fully sustained the practice in a case like this. That part of the order which permitted creditors of the firm to participate in the examination, even if erroneous, did not render the order void nor excuse appellant from obeying it, at least to the extent that it was regular. If he had obeyed it, and submitted himself to an examination, and creditors had attempted to ask him improper questions, or otherwise improperly participated in the examination, he would have been entitled to the protection of the court; but he could not, in anticipation of misconduct in that regard, stand in defiance of the authority of the court.

It is contended that the court below erred in imposing the fine upon appellant,—that the punishment should have been confined to that of imprisonment. Having the power to make the order, it was the duty of the court to enforce obedience thereto. To that end it might imprison or fine the offender, or do both, as to it, under all the circumstances, seemed just, and best calculated to compel obedience. There was no abuse of that power in this case. Appellant absolutely refused to conform to the order after admonition by the court and a second opportunity to avoid punishment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*