[No. 23534.  Department Two.  February 3, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Gladys L. Breuner, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Respondents.*[1]

*J. Peter P. Healy,* for relatrix.
*Harold F. Broomell,* for respondents.

HOLCOMB, J.—This is before us on an alternative writ of prohibition brought originally in this court.

As shown by the return of the trial judge and other files and records sent up therewith, relatrix, who was then Gladys L. Lindsay, brought an action in the lower court for divorce from E. G. Lindsay upon the grounds of desertion and nonsupport, in which action the at-

[1]Reported in 7 P. (2d) 604.

torney who represented her was Harold F. Broomell. Defendant made no appearance. Thereafter, on February 17, 1931, a hearing was had; and on February 25, 1931, the court, by Judge Chapman, made findings of fact, conclusions of law, and caused to be entered an interlocutory decree in favor of relatrix.

After the expiration of six months, on August 26, 1931, relatrix, appearing by J. Peter P. Healy, a practicing attorney at Tacoma, appeared before Judge Card in the court below with a motion and affidavit for a final decree of divorce in her cause, upon which Judge Card signed the final decree presented for signature by Healy, which was entered of record in the cause. Healy failed to call the attention of the court to the fact that he was attempting to substitute himself as attorney for relatrix, and the court would not have signed the final decree had he been so advised.

The trial judge also in his return finds that there is a balance of twenty dollars attorney's fee due Broomell for his services for relatrix in that cause, and that Broomell had not been notified of, and had not consented to, his discharge as attorney of record for relatrix without his fee being paid; that Broomell had prepared an affidavit of non-cohabitation which had been signed by relatrix for a final decree before the final decree prepared by Healy was presented by him; that, prior to the appearance of Healy on behalf of relatrix to procure the entry of the final decree, there had been no resignation as attorney of record for Broomell, nor had any application for substitution of attorneys by relatrix, as required by Rem. Comp. Stat., § 133, been acted upon by the court; that nothing in the record indicated that Broomell had been notified of his discharge as attorney of record and had accepted such discharge; and that Broomell denied the

termination of relationship of attorney and client between himself and relatrix.

Subsequently, the court, on November 7, 1931, acting on the motion of Broomell that the records in the cause be corrected by having entered a proper substitution of attorneys as provided by statute, the court having heard the arguments of counsel, signed and caused to be entered in the record of the case an order directing relatrix to enter such proper substitution of attorneys as the statute requires within fifteen days, under penalty of setting aside the final decree entered therein; and that she has refused to comply with the order of the court to make such substitution as required by statute; that respondent judge signed the order above mentioned under and by virtue of the powers vested in him by Rem. Comp. Stat., § 464, believing that the final decree entered in the cause was irregularly presented and entered by reason of the failure of relatrix to comply with the statutes dealing with substitution of attorneys above cited.

Immediately after the entry of the final decree of divorce in the lower court, relatrix remarried and her name is now Gladys L. Breuner.

Relatrix made two affidavits on the hearing on the motion in the court below, in both of which she deposes, among other things, that her contract with Broomell was that she was to pay him twenty dollars additional when he had the final decree entered; and that, prior to the time for the entry of the final decree, she became dissatisfied with his services, discharged him, notified him thereof, and that he had accepted his discharge; that she had paid him the fifty dollars she had agreed to pay and owed him nothing. Broomell, her former attorney, denied these statements; and inasmuch as relatrix disclosed no just rea-

son for discharging him and employing another attorney, her statements are not credible. However, Broomell, as her attorney, misconceived his remedy.

■ Relatrix was manifestly entitled to obtain the final decree of divorce upon making the proper affidavit, which was made, to the effect that there had been no remarriage or cohabitation with her husband, the defendant in the original cause, since the interlocutory decree was entered, and that therefore she was entitled to the final decree. Under our law, she could have appeared in her own proper person and obtained the final decree upon making the proper showing, had she or anyone prepared the proper affidavit therefor.

But she had no right to ignore her attorney of record and attempt to substitute for him another attorney who was not of record, and who violated the statute and the ethics of the profession in appearing without substitution as he did.

■ The trial court undoubtedly had the right to order a proper substitution of attorneys, but not the right or jurisdiction to set aside a final decree of divorce after it had been entered, there being no legal cause for refusing to enter the final decree because of changed conditions occurring after the entry of the interlocutory decree. That is the effect of all of our cases and it is needless to cite them.

■ It is true that § 464, *supra,* authorizes the superior court in which a judgment has been rendered, after the time at which it was made, to vacate or modify it for mistakes, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order. That, however, does not mean that anyone can apply for the vacation of a judgment or order, whether a party to the action or not, and whatever his interest in it may be.

Mr. Broomell contends that, having been attorney for relatrix and having an unpaid balance of attorneys' fees due him, he has such an interest in the judgment and the subject matter that he was entitled to move to set it aside. We do not so consider. Not having been a party to the proceeding in which he entitled his petition, he had no legal right to move to set aside the judgment. It is only a party to an action who is entitled to move to set aside the judgment. *State ex rel. Dodge v. Langhorne,* 12 Wash. 588, 41 Pac. 917.

It is not relatrix who is moving to set aside the judgment nor the other party to the action. It is not to the interest of relatrix to have it set aside. On the contrary, as conditions now exist, it is very much to her interest and to the interest of the state and public policy that it be not set aside.

We conclude that the peremptory writ must issue prohibiting the trial court from proceeding as indicated in its order; but since both parties to the litigation and their attorneys were at fault in this matter, neither party will recover costs in this court nor of the hearing in the court below.

MILLARD, BEELER, and BEALS, JJ., concur.

TOLMAN, C. J., concurs in the result.