[Civ. No. 11122. First Appellate District, Division Two.—March 8, 1940.]

GOULD AND KANE, INCORPORATED (a Corporation), Respondent, v. CHARLES VALTERZA et al., Appellants.

Carleton L. Rank for Appellants.

Cecil N. Lavers for Respondent.

STURTEVANT, J.—In an action to obtain an injunction to prevent the defendants from maintaining a nuisance the trial court awarded the plaintiff a judgment. The defendants have appealed and have brought up the judgment roll. In effect the defendants contend that the plaintiff's complaint did not state a cause of action, that its allegations were not sustained by the proof, and that the judgment is not supported by the findings.

The plaintiff corporation owns adjoining lots located in a certain block facing Kains Avenue. The defendants own lots in the same block facing San Pablo Avenue. Said lots abut at the rear end thereof. The said block is located in the city of Albany, Alameda County. Heretofore Ordinance 351 was enacted by the city council of Albany as a zoning ordinance. The classification as made by that ordinance places said block in a class called Six Story Commercial District. The ordinance by cross-references prohibits in the Six Story Com-

mercial District "chicken or rabbit keeping or raising" and "stockyards or slaughtering of animals or fowls" and "in general those uses which may constitute a nuisance or which may be noxious or offensive by reason of emission of odor, dust, smoke, gas, or noise". Section 16 provides: "Any building or structure erected or maintained in violation of any provisions of this ordinance is hereby declared to be a public nuisance, and may be abated in the manner provided by law." Section 19 provides that a violation of the provisions of the ordinance is a misdemeanor. In paragraph III of its complaint the plaintiff alleged that on the lots owned by the plaintiff it has recently constructed three new dwelling houses. In paragraph IV it alleged that on the lots owned by the defendants they are proceeding to erect store and hatchery buildings for the purposes of "chicken or rabbit keeping or raising; operation of a hatchery incidental to chicken keeping or raising; operation of a hatchery as a wholesale business; stockyard or slaughtering of animals or fowl; and poultry market or store where live and or dead fowl is sold". In paragraph VII the plaintiff alleged: "That the defendants and each of them intend to place said lots 18 and 19, and the hatchery and store building being erected thereon to the uses enumerated in paragraph IV hereof; and that if said defendants or any of them are permitted to put said lots 18 and 19 to said uses the plaintiff will suffer great and irreparable damage and injury and will be affected adversely, and the free, peaceful and undisturbed use and enjoyment of its said lots and three dwelling houses thereon will be materially hampered, interfered with and taken away in this, that said uses will have a natural tendency to and will attract and bring into and keep on said lots 18 and 19 and in the vicinity and on said land of petitioner many flies, insects, rats, mice and other rodents and pests, and will cause the emission of constant nerve racking noises of fowl, and will cause stenches and offensive smells to be carried onto the real estate of petitioner, and will cause dust, laden with offensive matter to be carried onto the lots, and upon and into the said dwelling houses of the petitioner to the extent that a person of ordinary sensibilities will find it intolerable to reside upon said premises of petitioner and in said dwelling houses; that this condition is aggravated by the existence of prevailing westerly winds, and the wetting and drying of the soil on said lots

18 and 19.'' The plaintiff also alleged, and the court found: ''That by reason of the existence of said hatchery and store buildings partially completed as aforesaid on said lots 18 and 19, and the obvious, ominous and impending intended uses thereof the enjoyment of the real property and dwelling houses of petitioner is being materially, unlawfully and wrongfully interfered with to the extent that the sale and or rental values thereof have· been greatly impaired; and that said interference is a continuous one on the part of defendants and each of them.''

The defendants complain because as they assert the plaintiff's allegations did not show that the acts of the defendants were ''specially injurious to it''. They rely on *City Store* v. *San Jose-Los Gatos etc. Co.*, 150 Cal. 277 [88 Pac. 977]. It will be noted at once that they fail to appreciate the distinction between injury to property rights as distinguished from abstract rights. (20 Cal. Jur. 275, ''Nuisances'', sec. 12.) The plaintiff cites and relies on *Lind* v. *City of San Luis Obispo*, 109 Cal. 340, 344 [42 Pac. 437]. The rule stated in that case has not been departed from. (*Hassell* v. *San Francisco*, 11 Cal. (2d) 168, 171 [78 Pac. (2d) 1021].)

The defendants' next point is that the plaintiff's allegations do· not show its injury was irreparable. They cite and rely on *Randall* v. *Freed*, 154 Cal. 299 [97 Pac. 669]. But in that case the counterclaim under attack did not allege the facts. It merely pleaded the conclusion that the plaintiff was committing ''an injury which was irreparable''. In the present case the facts are pleaded. They are sufficient. (*Schneider* v. *Brown*, 85 Cal. 205, 207 [24 Pac. 715].)

They also claim that the plaintiff has a ''plain, speedy, and adequate remedy'' by a suit for damages. Bearing in mind that this is an action to restrain the defendants from committing a threatened continuing trespass on the real estate of the plaintiff, a suit for damages is not a plain, speedy, and adequate remedy. (*Daubenspeck* v. *Grear*, 18 Cal. 443; *Hulbert* v. *California etc. Cement Co.*, 161 Cal. 239, 245 [118 Pac. 928, 38 L. R. A. (N. S.) 436].)

Again the defendants contend the operation of a poultry market is not a nuisance *per se* and therefore the action is premature and the judgment is erroneous in that it assumes the operation of the business must necessarily re-

sult in a nuisance. That contention is not supported by the record. The plaintiff's complaint was directed against certain operations of defendants but not against all of their operations. The findings of the trial court followed the allegations of the complaint.

What we have just said leads us to the last point in which the defendants assert the judgment was too broad because it did not permit the conduct of the business even in a manner not to injure plaintiff. That contention, also, is not sustained by the record. The judgment in no manner enjoined the marketing of dressed meats.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.