[Crim. No. 2120. First Appellate District, Division Two.—March 8, 1940.]

In the Matter of the Application of CHARLES VALTERZA for a Writ of Habeas Corpus.

Carleton L. Rank and H. Gardner Putnam for Petitioner.

Ralph E. Hoyt, District Attorney, J. F. Coakley, Chief Assistant District Attorney, and R. Robert Hunter and Stanley C. Smallwood, Deputies District Attorney, for Respondent.

Joseph Yovino-Young, City Attorney (Albany), and Cecil N. Lavers, as *Amici Curiae*, on Behalf of Respondent.

STURTEVANT, J.—This is an application for a writ of *habeas corpus*. It rests on the following facts. After the judgment of the trial court was entered in *Gould and Kane, Incorporated*, v. *Valterza et al.*, Civil No. 11122 the case this day filed (*ante*, p. 678 [100 Pac. (2d) 335], a showing was made to the trial court that the defendants had been guilty of contempt. A citation issued, a hearing was had, and Charles Valterza was found guilty. He applied to this court for a writ of *habeas corpus*. The writ issued, a return was made, and the application was submitted with the case above mentioned. ■ The petitioner contends the complaint in *Gould and Kane, Incorporated*, v. *Valterza et al.*, *supra*, was insufficient, that the trial court therefore had no jurisdiction, its judgment in favor of the plaintiff was void, and a violation of a void order is no contempt. But the vice in this contention is the assertion that the trial court's judgment was void. A similar assertion was addressed to the Supreme Court of Oregon in the case entitled *Smith* v. *Schlink*, 44 Colo. 200 [99 Pac. 566, at page 570], where the court said: "That the court had jurisdiction of the parties and the subject-matter cannot be questioned. This being true, and it not

appearing that the judgment was not within the issues presented by the pleadings, however erroneous it may be, the judgment cannot be held to be void, so as to bring this case within the rule that disobedience of a void decree does not constitute contempt of court. *Newman* v. *Bullock,* 23 Colo. 217 [47 Pac. 379] ; *Smith* v. *People,* 2 Colo. App. 99 [29 Pac. 924] ; Rappalje on Contempts, sec. 33.'' In *Clarke* v. *Burke,* 163 Ill. 334 [45 N. E. 235, at page 236], the Supreme Court of Illinois said: ''It is contended, however, that the assignee was not bound to obey the order directing him to pay the claim in question, because that order was not authorized by the allegations in the petition, etc., and because the order went beyond the scope and prayer of the petition. It is well settled that, in a proceeding for contempt in failing to obey an order of the court, the respondent may question the order which he is charged with refusing to obey only in so far as he can show it to be absolutely void, and cannot be heard to say that it is merely erroneous, however flagrantly it may appear to be so. *Leopold* v. *People,* 140 Ill. 552 [30 N. E. 348], and cases there cited; *People* v. *Weigley,* 155 Ill. 491 [40 N. E. 300]. This results from the well-settled rule that judgments of courts cannot be attacked collaterally for mere irregularities in the proceeding, however erroneous they may be. In this case, exemption from obedience to the order is not claimed because of inability to comply with it, arising from anything that has occurred since the order was made, but wholly upon the ground that the court erroneously entered that order. To sustain that defense would amount to no less than allowing the party to be the judge in his own case. In all such cases the remedy of the complaining party is by appeal or writ of error, and not by attempting to stand in defiance thereof.'' (See, also, 13 C. J. 15.)

▇ The next point made by the petitioner is that *Gould and Kane, Incorporated,* v. *Valterza et al., supra,* was, in effect, an attempt to enforce the penal provisions of the ordinance and therefore the judgment in that action was void. The courts have held otherwise on several occasions. (20 Cal. Jur. 309.)

▇ The petitioner contends that Ordinance 351 is unconstitutional because its provisions are ''arbitrary and unreasonable''. He contends that because the ordinance prohibits the slaughter of chickens and rabbits and does not

prohibit the slaughter of other fowl and animals it is unreasonable. That contention has been made on many occasions but the courts have uniformly answered that all ordinances need not be embodied in one. ■ Again he asserts that the ordinance is void because it does not sufficiently define the criminal offense of wrongful "chicken or rabbit keeping or raising". (Sec. 5, subd. (a), par. 6.) The first answer is that the commission of a criminal offense is not involved in this proceeding. The second answer is that the trial court apparently had no trouble, and this court has no trouble, in ascertaining what the legislative department had in mind when it enacted said provision. In other words, we are unable to say said provision is void because it is too indefinite.

The trial court did not act in excess of its jurisdiction. The writ is discharged and the prisoner is remanded.

Nourse, P. J., and Spence, J., concurred.