## AMYX v. TABER.

THE Common Council of the City of Stockton, under the charter of 1862, have power to make ordinances to prevent cattle and hogs from running at large over the streets and public places within the corporate limits of the City.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

*M. G. Cobb*, for Appellant.

*Terry & Baine*, for Respondent.

The facts are stated in the opinion of the Court.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of certain cattle and hogs.    The defendant in his answer, set up as a defense the charter of the City of Stockton, and the by-laws of the city made under that charter relating to animals running at large in the city; that he was Chief of the Police of said city, and as such took up the animals in question under the authority conferred on him by the laws of the State and the ordinances of the city, and held them as such at the commencement of the action.    The plaintiff demurred to the answer; the Court sustained the demurrer and rendered final judgment for the plaintiff, from which the defendant appeals.

Amyx v. Taber.

Sec. 1 of the Act of 1862, reincorporating the City of Stockton (Stat. 1862, 314), provides that the City of Stockton shall be a body corporate, and that said body corporate "may make by-laws not repugnant to the Constitution and laws of this State." Sec. 6 of Art. 3 provides that "the Common Council shall have power within the city, to pass all by-laws, ordinances, and resolutions not repugnant to the Constitution of this State, necessary to be passed for the municipal government and management of the affairs of the City of Stockton, and for the execution of the powers vested in the said body corporate, or in any office thereof;" and Sec. 7 provides that "the Common Council shall. have power within the city, by ordinance   *   *   *   to prevent, remove, and abate nuisances, and at the expense of the parties causing or committing the same, to prevent and regulate the running at large of all hogs, pigs, goats, sheep, horses, mules, jackasses, or horned cattle  *   *   *  ; to impose and appropriate fines, forfeitures, and penalties, for the breach of any ordinance." Sec. 1 of Art. 5 provides for a Police Court, and that "said Police Court shall have exclusive jurisdiction of all violations of any city ordinance, and may hold to bail, etc." Under these statutory provisions, the Common Council of the City of Stockton passed an ordinance making it unlawful for persons owning such animals to permit them to run at large within the corporate limits of the city, and authorized the Chief of Police, whenever he should find such animals within said limits, to cause them to be taken in charge and placed in the city pound, and after giving ten days' public notice in some newspaper published in the city, to expose them for sale at auction to the highest bidder, and apply the proceeds, first to the payment of a fine of five dollars for each animal, and the costs of sale and keeping, and the residue, if any, to be deposited with the City Treasurer for the benefit of the owner.

The answer avers that the animals in controversy were running at large within the corporate limits of the City of Stockton; and, as Chief of Police, acting under said laws and ordinances, he took them in charge, placed them in the city pound, and caused a notice thereof to be published in a newspaper in said city; and that they were thus lawfully in his possession, and lawfully detained by him

at the time the suit was commenced. It seems to have been objected that, as the city charter gives the Police Court "exclusive jurisdiction of all violations of a city ordinance," the Common Council had no authority to confer upon the Chief of Police the powers vested in him by this ordinance. This objection is not tenable. The proper construction of this statute is that the Police Court is to have exclusive jurisdiction of *all actions prosecuted* for the violation of a city ordinance. The Police Court is a judicial tribunal, and cannot perform the duties appropriate to a Chief of Police, in the removal of nuisances, or the taking up of estrays, or animals found trespassing upon the public grounds and streets.

The power and authority of the Common Council of Stockton, under their charter, to make a proper ordinance to prevent animals of the kind named from roaming at large over the city, and its streets and public places, is clear and undoubted. Such laws and ordinances are adopted in all well-governed cities and towns, and are clearly demanded by the public interests. Individuals have no right to use the streets and public grounds of a city as a place in which to keep such animals ; and ordinances prohibiting them from so doing, and providing the proper means to prevent it, do not violate any constitutional or vested right or privilege. Ordinances of such a character have been fully sustained by the Courts. (*Helber* v. *Noe*, 3 Ire. 493 ; *Whitfield* v. *Longest*, 6 Id. 268 ; *Commonwealth* v. *Dow*, 10 Met. 382 ; *Commonwealth* v. *Chase*, 6 Cush. 248.) We do not deem it necessary to enter into a detailed examination of the provisions of the ordinance in question in this case, as the respondent has not seen fit to file any brief pointing out the specific objections to it. The answer contained sufficient facts to show a good defense to the action, and that the defendant lawfully possessed and detained the property.

The judgment is therefore reversed and the cause remanded.