[No. 2,244.]

# LEWISTON TURNPIKE COMPANY *v.* SHASTA AND WEAVERVILLE WAGON ROAD COMPANY AND WILLIAM S. LEWDEN.

ALLEGATION IN COMPLAINT.—In an action by the owner of a toll road against another for damages caused by obstructing the public highway leading to his road, the plaintiff must allege that his right to collect tolls has been disturbed, or it will be presumed that he has received no injury by reason of the obstruction.

OBSTRUCTION OF A HIGHWAY A NUISANCE.—The obstruction of a public highway is a common nuisance.

IDEM—ACTION BY PRIVATE PERSON.—A private person has no cause of action by reason of such obstruction, unless he has suffered some special damage. In order to maintain an action for such damage, it must be such as might legitimately flow from the nuisance.

COMPLAINT IN SUIT FOR DAMAGES FROM NUISANCE.—Special damages to private person, from nuisance in obstructing a public highway, must be particularly stated in the complaint. The means by which the damages were caused must be alleged in the complaint.

APPEAL from the District Court of the Ninth Judicial District, County of Shasta.

The plaintiff demurred to the complaint on the ground that it did not state a cause of action, and the demurrer was overruled. Upon the trial judgment was rendered for the plaintiff, and the defendants appealed.

The other facts are stated in the opinion.

*W. S. Long* and *A. P. Dudley*, for Appellants. *Beatty & Denson*, of counsel.

The Court below erred in not sustaining the demurrer to plaintiff's complaint, because the complaint shows only an alleged public nuisance, and shows no cause of special complaint on the part of plaintiff. (*Blanc* v. *Klumpke*, 29 Cal. 156.) The complaint makes an allegation of injury; but that injury is not based on allegations of facts which would naturally tend to produce injury. The obstruction of

a highway does not necessarily injure any turnpike or toll road in the vicinity. On the contrary, it might greatly benefit such toll road; and this would seem to be the case here, for after the erection of the obstruction the toll road took all the travel between the points of its termini, and its business was on the increase, as appears upon the face of the complaint.

A pleading must not state merely the conclusion that plaintiff is injured, but the facts which would show to the mind of the Court that, being true, injury would result.

*J. S. Follensbee, J. Chadbourne,* and *E. & C. A. Garter,* for Respondent.

The Court below did not err in not sustaining the demurrer to plaintiff's complaint, for the reason that the complaint shows both a public and a private nuisance. The complaint shows that the plaintiff's road constitutes a connected part of a thoroughfare for public travel between Shasta and Weaverville, named therein; that the public travel passes over plaintiff's road, when not interrupted; that the plaintiff's use and enjoyment of property in said road consists in the revenue from the collection of tolls thereon; that the defendants stopped up the road, by placing obstructions across the same, and that by means of these obstructions the plaintiff cannot have the use and enjoyment of their said property; that defendants also interrupted the public travel on plaintiff's road, by demanding and collecting toll on the public highway connecting with plaintiff's toll road, thereby showing a nuisance as against the plaintiff. The case made by the complaint is governed by the law and decision in the case of *Blanc* v. *Klumpke,* 29 Cal. 156; see, also, Pr. Act, Sec. 249.

By the Court, RHODES, C. J.:

The only questions in the case arise upon the demurrer to the complaint. The plaintiff is the owner of a turnpike road leading from Lewiston, in Trinity County, to a certain point where it intersects a public highway in Shasta County, and possesses the right to collect tolls on that turnpike. The defendants have wrongfully placed a toll gate on the public highway, about a half mile from the point of intersection of the public highway with the plaintiff's turnpike, and have demanded and collected tolls of persons who pass along the highway with their teams, vehicles, etc., and threaten to maintain the gate and collect tolls, etc. The plaintiff alleges that by means of the gate the highway is greatly obstructed, and that by reason thereof, the plaintiff cannot "have or enjoy its said toll road or turnpike as it ought to be [have] done, and otherwise might and would have done; and has been and is by means of the premises deprived of the use, benefit, and advantage thereof," and that the maintenance of the toll gate by the defendant will cause great and irreparable damage to the plaintiff. It is also alleged in the complaint "that under and by virtue of said incorporation (the incorporation of the plaintiff) the plaintiff obtained the franchise or right to collect tolls on said road or turnpike, and has, since its completion, enjoyed said right, privilege, and franchise without any interruption, disturbance, or interference whatever."

The complaint, tested by the familiar rule that a pleading is to be construed most strongly against the pleader, shows no cause of action; for if the plaintiff's franchise—its right to collect tolls—has not been interrupted or disturbed, no injury has been occasioned by reason of the acts complained of.

The obstruction of a public highway is a common nuisance. A private person has no cause of action by reason of such

obstruction, unless he has suffered some special damage. The special damage must be such as might legitimately flow from the nuisance. It is a further rule of pleading, that such special damages must be particularly stated. (1 Chit. Plead. 347; *Butler* v. *Kent,* 19 Johns. 228; *Squier* v. *Gould,* 14 Wend. 159; *Bogart* v. *Burkhalter,* 2 Barb. 525; *Cole* v. *Swanston,* 1 Cal. 51; *Gay* v. *Winter,* 34 Cal. 153.) It was held in *Stevenson* v. *Smith,* 28 Cal. 102, that when the damages are special—that is, such as do not necessarily arise, or are not implied by law, from the act complained of—the facts out of which the damages arise must be averred in the complaint. The maintenance of a toll gate upon the public highway, mentioned in the complaint, did not necessarily lessen its use as a highway; and if such were the case, it does not necessarily follow that thereby the travel on the plaintiff's road was diminished and the tolls lessened. The plaintiff should have stated the facts out of which the damages arose—the means by which the damages were caused. The plaintiff has not alleged that any one was prevented, by means of the defendants' toll gate, or in consequence of their having demanded or collected tolls, from traveling upon the plaintiff's turnpike, on paying the proper tolls therefor. The complaint, in that respect, is defective. (*Lansing* v. *Smith,* 8 Cow. 146.)

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.