[No. 11272.    Department Two. — June 9, 1888.]

JAMES McCLOSKEY, Appellant, v. JOHN KRE- LING et al., Respondents.

Ordinance Establishing Fire Limits. — The ordinance establishing fire limits in the city of San Francisco is valid.

Right of Adjoining Proprietor in Absence of the Ordinance. — In the absence of such an ordinance, the adjoining proprietor has no right of action for the maintenance of a frame building contiguous to his own.

Right under the Ordinance — Special Damages — Depreciation in Value — Increase of Insurance. — If the ordinance gives a right of action, the injury must be special in character, and not merely greater in degree than that of the general public. Depreciation in the value of property and increase of insurance rates are not such a special injury.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*J. B. Hart*, and *W. C. & I. G. Burnett*, for Appellant.

The erection and maintenance of the building complained of, being in violation of the fire ordinance, is a nuisance. (*Aldrich* v. *Howard*, 7 R. I. 199; 80 Am. Dec. 636; *Couch* v. *Steel*, 77 Eng. Com. L. 411.) The plaintiff has a right to maintain this action. (Civ. Code,

secs. 3281–3283; *Steam Navigation Co.* v. *Morrison,* 76 Eng. Com. L. 581.)

*H. H. Lowenthal,* for Respondents.

The building is not a nuisance, either at common law or under the codes. (Civ. Code, sec. 3479; Pen. Code, sec. 370; Code Civ. Proc., sec. 731; Wood on Nuisances, 830, 831, 941; *Tuebner* v. *California St. R. R. Co.,* 66 Cal. 171.)

Hayne, C.— Action by the owner of certain houses in the city of San Francisco to enjoin the continuance of an adjacent wooden building, which was built in violation of the ordinance establishing the fire limits. The court below gave judgment in favor of the defendants, and the plaintiff appeals.

We think the ordinance is a valid one. (Const., art. 11, sec. 11; 1 Dillon on Municipal Corporations, 3d ed., sec. 405; *Amyx* v. *Taber,* 23 Cal. 370; *Ex parte Shrader,* 33 Cal. 279; *Ex parte Smith,* 38 Cal. 702; *Johnson* v. *Simonton,* 43 Cal. 242; *Ex parte Delaney,* 43 Cal. 479; *Ex parte Casinello,* 62 Cal. 538; *Ex parte Moynier,* 65 Cal. 33; *Ex parte Heilbron,* 65 Cal. 610; *Ex parte White,* 67 Cal. 102; *Matter of Yick Wo,* 68 Cal. 294; 58 Am. Rep. 12; *Matter of Linehan,* 72 Cal. 114; *Barbier* v. *Conolly,* 113 U. S. 27.)

In the absence of this ordinance, the maintaining of a frame building in a city would not give a right of action to the owners of adjacent property, although the value of such property was thereby decreased, and the rates of insurance raised. Such circumstances are ordinary incidents to residence and ownership in a city. (*Rhodes* v. *Dunbar,* 57 Pa. St. 274; 98 Am. Dec. 221.)

If we assume that the ordinance gives a right of action by private persons, it can only be to those who suffer damage by reason of its violation. And this damage must be special, and not such as is common to the

public.   The defendant's building being "located in a portion of said city and county compactly built upon and densely populated" (Trans., fol. 76), would naturally cause to others more or less of the same depreciation in value and increase of insurance rates from which it would seem the plaintiff suffers.   Hence there is no damage which is special to him.   Depreciation in value is not a ground of special damage.   (*Severy* v. *C. P. R. R.*, 51 Cal. 197; *Bigley* v. *Nunan*, 53 Cal. 404.)   The injury "must be special *in character*, and not merely greater *in degree*, than that of the general public." (*Bigley* v. *Nunan, supra; Crowley* v. *Davis*, 63 Cal. 460.)

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.