[Sac. No. 384.    Department One.—July 23, 1898.]

## SISKIYOU LUMBER AND MERCANTILE COMPANY, Respondent, v. H. ROSTEL et al., Appellants.

PUBLIC NUISANCE—PRIVATE ACTION—SPECIAL INJURY.— Anything which is an obstruction of a public street or highway, constitutes. a public nuisance; and a private individual cannot maintain an action to abate such nuisance, unless it is shown by proper averment that he will suffer therefrom special and peculiar injury different in kind from that to which the public is subjected.

ID.—HOUSE OVERHANGING SIDEWALK—INCREASE OF RATE OF FIRE INSURANCE—DEPRECIATION OF PROPERTY.—The increase in the rate of fire insurance upon plaintiff's property, and the depreciation of his property in market value, alleged to have been occasioned by the construction of a house by the defendant so that the second story thereof overhangs the sidewalk of a public street, are not such elements of special damage as will give a right of action to the plaintiff. They constitute a detriment incident to the right of owning and enjoying property in a city or town, and for which there is no redress.

ID.—PLEADING—AVERMENTS AS TO OTHER OWNERS.—A complaint for special injury to plaintiff's property from a public nuisance, is fatally defective, if it fails to show by proper averments that other and adjacent property owners in the town will not suffer a like injury. If no other inhabitants of the town are so situated as to be injured by the alleged nuisance, the complaint must so aver.

ID.—CONSTRUCTION AGAINST PLEADER—PRESUMPTION—"TOWN."—The complaint is to be construed most strongly against the pleader; and the failure to aver therein that there are other property owners, will not preclude the presumption that there are such, when the premises are designated in the complaint as being in a "town," which implies and signifies an aggregation of inhabitants and a collection of occupied dwellings and other buildings.

ID.—POSITION OF PLAINTIFF'S PROPERTY.—The complaint must show the precise position of plaintiff's property in relation to the alleged nuisance, and that it is not widely separated therefrom by the intervening property of others.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial.  J. S. Beard, Judge.

The facts are stated in the opinion of the court.

J. H. Magoffey, for Appellant.

Gillis & Tapscott, and J. W. Parker, for Respondent.

· VAN FLEET, J.—The action is to abate a nuisance and for damages. The complaint alleges as the first cause of action, in substance, that plaintiff is the owner of certain lots in blocks 27 and 30, in the town of Sisson, in Siskiyou county, upon which there are valuable buildings, consisting of dwelling-houses, barns, warehouses and stores, and that defendant Rostel is the owner of lot 17, in block 26, in said town, which last mentioned property is situated on the northwest corner of Walnut and Castle streets—public highways; that defendants are erecting a large building on said lot 17, which is being so constructed that the second story thereof, at a height of about twelve feet from the ground, is being extended and projected over and into said Castle street, to a width of ten feet and for a length of sixty feet, so that to that extent it overhangs and protrudes into said public highway; and it is alleged in the sixth paragraph of said first count that said building "will constitute a nuisance to this plaintiff by greatly endangering his property and buildings hereinbefore described, and making them more liable to be destroyed by fire, and also by materially increasing the rate of insurance upon the same, and by materially damaging their market value," and, if allowed to be constructed as defendants now intend, will cause damage to plaintiff which cannot be estimated, etc.

In the second count the same facts, except those alleged in said sixth paragraph, are reasserted, and alleged to constitute a public nuisance.

The prayer is for an injunction, both prohibitory and mandatory, forbidding further construction, and requiring the removal of said building as to that portion which obstructs the street, and for damages and costs.

Defendants demurred to the complaint generally for want of facts, and specially that it does not show wherein plaintiff is injured in any manner different or greater than the general public. The demurrer was overruled, and the propriety of this ruling constitutes the only question which we deem it essential to notice.

It may be inferred, although nowhere expressly so alleged, that the fact relied upon as constituting the nuisance and cause of injury to plaintiff, in the manner of constructing the obnoxious building, is its projection into and over the public highway,

as described, since nothing else is alleged which may be regarded as in any way infringing upon plaintiff's rights. Anything which is an obstruction to a public street or highway constitutes a public nuisance (Pen. Code, sec. 370; *Taylor v. Reynolds*, 92 Cal. 573; *Marini v. Graham*, 67 Cal. 130; *Vanderhurst v. Tholcke*, 113 Cal. 147, 150); and a private individual cannot maintain an action to abate such a nuisance unless it be made to appear by proper averment that the plaintiff will suffer therefrom some injury, in its nature special and peculiar to him, and different in kind from that to which the public is thereby subjected. (Civ. Code, sec. 3493; *Lewiston Turnpike Co. v. Shasta etc. Wagon Road Co.*, 41 Cal. 562; *Payne v. McKinley*, 54 Cal. 532; *McCloskey v. Kreling*, 76 Cal. 511; *Gardner v. Stroever*, 89 Cal. 26.)

It is alleged that the construction of the building in the manner stated will endanger plaintiff's property by rendering it more liable to fire, by increasing the rate of insurance, and by depreciating its market value. Ordinarily these are not elements of damage which give a right of action to the aggrieved party. They constitute a detriment, incident to the right of owning and enjoying property in a city or town and for which there is no redress. (*McCloskey v. Kreling, supra*; *Rhodes v. Dunbar*, 57 Pa. St. 274; 98 Am. Dec. 221.) But, assuming that the fact that the alleged endangering of plaintiff's property and injury thereto arising solely from the character of defendant's building as a public nuisance would give plaintiff a right of redress which the law does not otherwise afford (see *McCloskey v. Kreling, supra*), the complaint is nevertheless fatally defective in that it wholly fails to show that other and adjacent property owners in the town will not suffer like detriment and injury with the plaintiff. It is true the complaint does not allege in terms that there are such other property owners, but the pleading in this respect is to be construed most strongly against the pleader (*Lewiston Turnpike Co. v. Shasta etc. Wagon Road Co.*, supra), and the designation of the premises as "in the town of Sisson" gives rise to the presumption that there are other inhabitants and owners of property therein. The term "town" implies and signifies an aggregation of inhabitants, and a collection of occupied dwellings and other buildings. (*Klauber v.*

*Higgins,* 117 Cal. 451, 460; Webster's Dictionary, definition of word "Town.") Moreover, if there were no other inhabitants of the town so situated as to be injured by the alleged nuisance, the complaint should in some form affirmatively disclose that fact, since it was essential that it show special injury to the plaintiff. So far as the averments of the complaint are concerned, they do not even show that plaintiff's property is situated next adjacent to that of defendant Rostel, nor in its immediate vicinity. For all that appears, it may be widely separated therefrom by the intervening property of others. Aside from the fact that they are alleged to be in the same town, the relative situation of the buildings of plaintiff and that of said defendant cannot be determined from the complaint. The lots of plaintiff are alleged to be in blocks 27 and 30, and that of defendant Rostel in block 26, "as designated on the Pacific Improvement Company map of said town"; but no such map is made a part of the complaint, nor does it appear where it can be found, and the reference is therefore meaningless as indicating the relative location thereon of said designated blocks— except by mere inference to be deduced from their respective numbers.

The complaint therefore fails to state facts from which the conclusion could be drawn that plaintiff will be in any way specially damaged, and as this was essential to authorize plaintiff to maintain the action the demurrer should have been sustained.

Judgment and order reversed.

Harrison, J., and Garoutte, J., concurred.