[S. F. No. 3809.   Department Two.—January 10, 1907.]

## CITY STORE, Appellant, v. SAN JOSE–LOS GATOS INTERURBAN RAILWAY COMPANY, Respondent.

Public Nuisance—Unauthorized Construction of Railroad in Street—Private Action—Special Injury—Rules of Pleading—Statement of Facts.—A railroad constructed on a public street without authority constitutes a public nuisance; but a private person may maintain an action therefor if it is specially injurious to himself, but not otherwise; and he must allege facts showing a special injury, not only greater in degree but different in kind from that suffered by the general public. General allegations of special or irreparable injury are insufficient; and the pleader must state facts from which the court can determine whether such injury exists.

Id.—Street Railroad — Action by Abutting Owner — Injunction — Insufficient Complaint.—A complaint in an action by an abutting owner to enjoin the construction, operation, and maintenance of a double-track street railroad in a public street without right, which merely alleges as a resulting injury that "the property of plaintiff and the property rights of plaintiff will be irreparably injured and damaged in this, that the value of said property will be greatly diminished, free access in and to said property will be irreparably injured, and the rental value of said property will be greatly and permanently decreased,"—without stating the width of the street, or the proximity of the tracks to plaintiff's property, or whether any embankment or depression will be created preventing access to plaintiff's property, or that the operation of the road itself will affect him,—is insufficient, and a general demurrer thereto was properly sustained.

Id. — General and Special Allegations of Irreparable Injury — Opinion or Conclusion of Pleader.—The allegations in the complaint of irreparable injury in general, and of the particular specifications relative to it, amount to nothing more than the expression of an opinion or conclusion of the pleader, and do not constitute a statement of facts from which the court could determine whether the plaintiff's apprehensions of special injury are well founded or not.

APPEAL from a judgment of the Superior Court of Santa Clara County.   A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

John H. Yoell, for Appellant.

Cobb & Rea, and O'Neal & Richardson, for Respondent.

LORIGAN, J.—This action was brought to permanently restrain the defendant from constructing, operating, and maintaining a street railroad over Market Street, a public street in the city of San Jose.

A general demurrer to the complaint having been sustained and plaintiff declining to amend, judgment was entered for defendant, and from this judgment plaintiff appeals.

The only point presented on the appeal is as to the correctness of the ruling of the lower court upon the demurrer.

The plaintiff alleged the corporate existence of plaintiff and the defendant railway company; that plaintiff is the owner in fee of real estate on the east line of South Market Street in the city of San Jose, adjacent and contiguous to and abutting upon the line of said street; that said city of San Jose is a municipal corporation, and South Market Street is a public street within the corporate limits thereof; that the defendant "without right so to do is about to commence the construction in and upon and over the said South Market Street, and, without right so to do, maintain and operate a double-track street railway" thereon, and that the line of said proposed railway is in front of, adjacent to, and contiguous to said real estate of plaintiff; that in the event of the construction, maintenance, and operation of said double-track street railway as proposed to be constructed "the property of plaintiff and the property rights of plaintiff will be irreparably injured and damaged in this that the value of said property will be greatly diminished, free access in and to the said property will be irreparably impaired and the rental value of said property greatly and permanently decreased:" that plaintiff has no adequate remedy at law.

These are the material allegations of the complaint, and it is quite manifest that the theory upon which the complaint was framed was that the construction of said street railroad on the public street, without right, as alleged, would constitute a public nuisance, the creation of which would be specially injurious to the plaintiff.

Undoubtedly a railroad constructed on a public street without authority would constitute a legal obstruction, and hence be a public nuisance (*Amestoy* v. *Electric R. T. Co.*, 95 Cal. 311, [30 Pac. 50]), which any private person might sue to abate, or the threatened construction of which he might en-

join, where his property is, or will be, specially damaged or injured through its existence.

This is the general rule of the authorities, and finds expression in our code. "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." (Civ. Code. sec. 3493.)

In order, therefore, to warrant the maintenance of an action by a private individual to abate or restrain the construction of a public nuisance, it is not enough to allege that injury has been or will be sustained by him thereby, but it is essential that it appear by proper allegations in the complaint, to be supported by proof upon the trial, that this injury is, or will be, special in character to him—that is, that such injury will not only be greater in degree, but will be different in *kind* from that sustained by the public generally. Among many of the cases to this effect are *Aram* v. *Schallenberger,* 41 Cal. 449; *Lewiston Turnpike Co.* v. *Shasta Wagon Road Co.,* 41 Cal. 562; *Payne* v. *McKinley,* 54 Cal. 532; *McCloskey* v. *Kreling,* 76 Cal. 511, [18 Pac. 433]; *Gardner* v. *Stroever,* 89 Cal. 26, [26 Pac. 618]; *Siskiyou Lumber etc. Co.* v. *Rostel,* 121 Cal. 513, [53 Pac. 1118]; *Reynolds v. Presidio and Ferries Railroad Co.,* 1 Cal. App. 7, [81 Pac. 1118].

It is alleged that the defendant is about to commence the construction of the railroad on a highway upon which plaintiff's property fronts which will constitute a nuisance—a public nuisance. Being a public nuisance, it was essential that within the above rule plaintiff must distinctly aver some special injury to its property which it would sustain by its construction before it could maintain an action for its abatement. The most common form of injury which the owner of land abutting upon a public highway specially sustains as to his property by reason of the obstruction of the highway in front thereof, arises from the fact that such obstruction will interfere with the easement incident to his property of free access from it to the public highway. Where the obstruction of the public highway has this effect it becomes as to the owner of property abutting thereon a private nuisance which he may have abated. (*Hargro* v. *Hodgdon,* 89 Cal. 623, [26 Pac. 1106]; *Helm* v. *McClure,* 107 Cal. 205, [40 Pac. 437].)

But in order to warrant the interposition of a court of equity to grant this relief facts must be alleged in the com-

plaint from which it shall appear that the obstruction of the highway will be specially injurious to plaintiff's property abutting thereon, and it is quite evident that the complaint at bar does not state these facts.

It is alleged that the defendants are about to commence the construction of a double-track street railroad on the street in front of the property of plaintiff without right to do so, and that by reason thereof the property rights of plaintiff will be irreparably injured in this, that the value of the property will be greatly diminished, free access to it irreparably impaired, and the rental value permanently decreased. These allegations of irreparable injury in general, and the particular specifications relative to it, amount to nothing more than the expression of an opinion or the conclusion of the pleader; they do not constitute a statement of facts from which the court could determine whether the apprehensions of plaintiff that its propery would be specially injured by the construction of the street railroad were well founded or not. General allegations of irreparable injury are never sufficient—the facts must be stated from which it will appear that irreparable injury will probably follow.

Under the authorities no right of action could accrue to the plaintiff from the mere fact that there was an unlawful obstruction of the public highway. In order to warrant an action therefor at its instance it must appear that it is specially injured in its property by such obstruction. This right of action proceeds, not from the fact that the obstruction is a public nuisance, but because as a public nuisance it specially injures its property, and whether it does or not could only appear from a statement of facts relative to the nature of the obstruction, and from which the court could determine whether the plaintiff's claims of special injury arising therefrom were well founded or not. Now as to the construction of said railroad. It is only alleged that defendant proposes to unlawfully construct it and operate it on the public street. The simple construction of a railroad along a public street would not necessarily injure the property abutting thereon. It would not be the creation of such a public nuisance that necessarily special injury would follow from it. If such injury would be suffered it must proceed from the method of the construction, maintenance, or operation of

the road. In the complaint, however, there is no statement as to any of these matters. It does not appear what is the width of the street over which it is proposed to construct this road; the proximity of the tracks to plaintiff's property; whether any embankments or depressions will be created preventing access to its property; or that the operation of the road itself will affect plaintiff. The complaint is silent as to any fact relative to the construction or operation of said road, or as to any fact from which it can be determined that any injury, special or otherwise, will result to the plaintiff. The complaint was defective in not having stated any facts from which it would appear that special injury to plaintiff's property would result from the creation of the alleged public nuisance, and hence the demurrer to it was properly sustained.

Judgment affirmed.

McFarland, J., and Henshaw, J., concurred.