[Civ. No. 341. Third Appellate District.—August 26, 1907.]

## DANIEL S. DONAHUE, Appellant, v. STOCKTON GAS AND ELECTRIC COMPANY, Respondent.

PUBLIC NUISANCE—SUIT FOR ABATEMENT BY PRIVATE PERSON—SPECIAL INJURY.—A private person, to have any standing in an action to abate a public nuisance, must show that he has suffered a special injury of a different kind from that of the public, and not simply a difference of degree.

ID.—PLEADING—JOINDER OF CAUSES—CAUSE OF ACTION FOR POLLUTION OF ATMOSPHERE.—Where the complaint joined two causes of action in one count, one of which is a cause of action for the general pollution of the atmosphere in that section of the city, and especially of that portion belonging to the plaintiffs, by the negligent operation of defendant's works, whereby their homes were rendered unfit for occupation, such cause of action is not tenable.

ID.—PROPER CAUSE OF ACTION FOR SPECIAL INJURY TO LAND AND WATER. Where the other cause of action stated in the complaint is for negligent management of the defendant's works, causing seepage upon plaintiff's land, destroying the productiveness of its soil, and polluting the water thereon so as to render it unfit for use, such cause of action is tenable, and the plaintiff is entitled to recover the damages caused by such special injury peculiar to himself.

ID.—GENERAL DEMURRER IMPROPERLY SUSTAINED.—Where a general demurrer was interposed to the entire complaint, and not to the divisible matter constituting the untenable cause of action, it could not be properly sustained.

ID.—UNTENABLE DEMURRER FOR BAR OF STATUTE OF LIMITATIONS.—A demurrer especially setting forth the bar of the statute of limita-

tions cannot be sustained, where the complaint does not affirmatively show that the cause of action is barred. Where the complaint for damages to the land and water is confined to the two years last past, the demurrer is untenable.

Id.—Maintenance of Nuisance.—The fact that defendant's negligence causing the nuisance has continued for more than two years would only render the statute applicable as to what occurred prior to the beginning of the two years. The originator of the nuisance remains liable to successive actions for damages resulting from the maintenance thereof.

Id.—Affirmative Defense—Plea of Statute.—The plaintiff is not bound affirmatively to show that the action is barred, and a plea of the statute of limitations is an affirmative defense.

Id.—Uncertainty—Matter in Knowledge of Defendant.—The complaint is not uncertain in not informing the defendant when it made, dug and constructed its works. This was a matter peculiarly within the knowledge of the defendant.

APPEAL from a judgment of the Superior Court of San Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

Nicol & Orr, for Respondent.

BURNETT, J.—The appeal is from a judgment of dismissal following an order sustaining a demurrer to the second amended complaint, plaintiff declining to amend again.

The demurrer was upon the following grounds: Insufficiency of the facts; uncertainty in these respects, the time when defendant's works were constructed, the length of time plaintiff's land had been injured, the time when the water formerly used by plaintiff and his family was rendered unfit for use, when plaintiff was compelled to dig ditches or put down water mains or pipes, when the damage was sustained, wherein the damage sustained by plaintiff differs in kind from that suffered by the public or wherein the existence of defendant's plant or its operation is a menace to plaintiff or the public, and also that said complaint shows upon its face that plaintiff's cause of action is barred by the provisions of the statute of limitations of the state of California.

To understand the points made, the following synopsis of the complaint is deemed essential: Plaintiff is and has been since 1889 the owner and in possession of a house and lot adjacent to defendant's plant; defendant is and since 1895 has been the owner and in the possession of several lots in the same block as plaintiff's residence in the city of Stockton and in a portion of said city largely used for residential purposes; "that long prior to the time of the commencement of this action. the defendant made, dug and constructed on its said lot within a few feet of plaintiff's said premises certain gas works, gas tanks, reservoirs and cisterns; which said reservoirs and cisterns were of great depth and diameter and ever since their construction have contained and still contain poisonous gas and other obnoxious, offensive, injurious, unhealthy and poisonous matter; and said gas works . . . were so carelessly, negligently and insufficiently made, . . . operated and maintained that for and during the period of two years last past, and prior thereto, said poisonous gases . . . and other malodorous and offensive matter have escaped and still continue to escape through the floors . . . and sides ·of said tanks, etc., so operated and maintained and have saturated, percolated and seeped through and permeated all the land of plaintiff's said lot and have thereby polluted, injured, soiled and poisoned all the earth and soil of plaintiff's said premises and the water that during the aforesaid period has permeated and still permeates said realty and which said water plaintiff and his said family used and were accustomed to use for drinking, domestic and other purposes from the time of the aforesaid purchase of said property in 1889, until the same was polluted and poisoned as herein set forth and which said water was conducted to said dwelling-house by means of wells dug and sunk in said lot, and have thereby rendered the earth of said lot unfit for another well therein . . . and have destroyed the productive qualities of the soil and rendered the same useless for the cultivation and growth of garden produce, flowers and other vegetation."

It further appears that prior to said injury to the soil the plaintiff had two wells on his premises that furnished him with an abundance of pure water and he raised flowers and vegetables on said lot sufficient for the use of himself and family, "and that since the aforesaid water has been rendered poisonous and unfit for any purpose and within the two years

last past, the producing qualities of said soil have been destroyed and injured, as hereinbefore set forth, and the plaintiff has been compelled to carry water a long distance to his said premises and has been obliged to purchase water from others in lieu of the water so injured and destroyed, whereby he has been specially damaged, within the period aforesaid, in the sum of four hundred dollars.'' Plaintiff was compelled to buy water from other sources and to purchase vegetables at a cost of $700. ''That the damages herein specified are such as have not been sustained by other people living in the neighborhood of said gas works and gas tanks, but are such as have been sustained by plaintiff in addition to those sustained by such other inhabitants.'' Then follows the concluding allegation ''that within the period of two years last past, and prior thereto the defendant has operated and maintained said gas works in such a negligent manner that poisonous vapors and large quantities of smoke and other disagreeable and offensive substances are precipitated into the air and the same corrupt, pollute and poison the entire atmosphere in that section of Stockton, and specially that portion that belongs to plaintiff and thereby render the residences unfit for occupancy, unhealthy, uncomfortable and useless as homes, and that plaintiff's premises have been greatly depreciated in value and specially damaged during the period aforesaid · in the further sum of sixteen hundred dollars.'' The prayer is that the works be declared a public nuisance and be ordered removed and abated and that defendant be enjoined from using its premises for the manufacture, sale or storage of gas, and for special damages.

1. The complaint is really based upon two separate causes of action, but they are embraced in one count. The first relates to the damage done to plaintiff's realty, including the water, and the other refers to the pollution of the atmosphere by reason of the noxious, offensive and poisonous odors and other disagreeable substances. This consideration seems to have escaped the attention of counsel, and the necessity for observing it will be seen as we consider the points raised by the demurrer. It is contended by respondent that the complaint discloses a public nuisance and that no clear case of special damages is shown so as to entitle the plaintiff to maintain the action. The law is well settled that a private person, to have any standing in an action of this character, must

show that he has suffered not only special injury but of a different kind from that of the public and not simply a difference in degree. (Civ. Code, secs. 3480, 3493; *Jarvis* v. *Santa Clara Val. R. R. Co.*, 52 Cal. 438; *Bigley* v. *Nunan*, 53 Cal. 403; *McCloskey* v. *Kreling*, 76 Cal. 512, [18 Pac. 433]; *Siskiyou Lumber & Mercantile Co.* v. *Rostel*, 121 Cal. 511, [53 Pac. 1118]; *Reynolds* v. *Presidio R. R. Co.*, 1 Cal. App. 229, [81 Pac. 1118].) But it is obvious from an inspection of the complaint that this criticism applies to the pollution of the atmosphere and not to the injury done to the soil and the water. The former is suffered in common by a large part of the community, as expressly appears by the allegation: "And the same corrupts, pollutes and poisons the entire atmosphere in that section of said city of Stockton." The following qualification, "and especially that portion that belongs to plaintiff and that by reason thereof the plaintiff's premises have been injured and depreciated in value" may indicate an injury different in degree from that of the public, but it is of no importance in the attempt to state the special damage required by the statute and the decisions. This is apparent from the cases already cited. Hence, if this were the only charge made against defendant it is clear that a general demurrer to the complaint would lie. But the other injury of which complaint is made is not shared by the public at all. This appears from the location of plaintiff's premises and also by explicit averment. That this portion of the complaint in reference to the pollution of the soil and water states a cause of action is clear from the authorities. It is charged in specific language that defendant negligently and carelessly constructed its works and has operated them in such an inefficient manner as to pollute the water on plaintiff's premises, and to injure and poison the soil so that it is rendered unproductive, and the particular loss occasioned is pointed out. In that regard plaintiff has stated every material fact necessary to constitute a cause of action. He has brought himself clearly within the doctrine of the following cases: *Tuebner* v. *California St. R. R. Co.*, 66 Cal. 171, [4 Pac. 1162]; *Sullivan* v. *Royer*, 72 Cal. 248, [1 Am. St. Rep. 51, 13 Pac. 655]; *Hargro* v. *Hodgdon*, 89 Cal. 623, [26 Pac. 1106]; *Lind* v. *City of San Luis Obispo*, 109 Cal. 341, [42 Pac. 437]; *Fisher* v. *Zumwalt*, 128 Cal. 495, [61 Pac. 82]; *Wesson* v. *Washburn Iron Co.*, 13 Allen, 95, [90 Am. Dec. 181]. The complaint,

as respects the damage to the soil, shows a clear invasion of plaintiff's property and his property rights. Where the matter in a single count is divisible in its nature, the demurrer should be confined to those parts which are defective, as the same general rule which applies to different counts applies also to the divisible matter in the same count constituting different causes of action. (6 Ency. of Pl. & Pr., p. 303.) As the general demurrer here was to the entire complaint, it could not be properly sustained.

2. The question raised by defendant's plea of the statute of limitations must be resolved in favor of plaintiff. Assuming that the statute is sufficiently pleaded without any specification of the particular section thereof, as required by section 458, Code of Civil Procedure, which seems to be so held in *Brennan* v. *Ford,* 46 Cal. 7, and *Williams* v. *Bergin,* 116 Cal. 59, [47 Pac. 878], still, as stated in the latter case: "A demurrer upon this ground can be sustained, however, only when it *affirmatively appears* from the complaint that the plaintiff's cause of action is barred." It is true it appears that defendant's negligence has continued for more than two years, and assuming that this is the time within which the action must be brought, still the statute would bar recovery only for what occurred prior to the beginning of the two years and would not apply to the complaint as a whole. This results from the rule supported by the weight of authority that the originator of a nuisance remains liable to successive actions for damages resulting from the maintenance thereof. (*Dorman* v. *Ames,* 12 Minn. 451; *Plumer* v. *Harper,* 3 N. H. 88, [14 Am. Dec. 333] ; *Prentiss* v. *Wood,* 132 Mass. 486; *Pillsbury* v. *Moore,* 44 Me. 154, [69 Am. Dec. 91] ; *Sloggy* v. *Dilworth,* 36 Minn. 179, [8 Am. St. Rep. 656, 36 N. W. 451] ; *Eells* v. *Chesapeake etc. Ry. Co.,* 49 W. Va. 65, [87 Am. St. Rep. 787, 38 S. E. 479].)

Again, it appears that as far as the damage to the water and land caused by seepage is concerned, the claim is confined to the period "within two years last past."

Appellant also contends that the complaint discloses a public nuisance, and that no lapse of time can legalize it (Civ. Code, sec. 340; *Hoadley* v. *San Francisco,* 50 Cal. 275; *People* v. *Gold Run D. & M. Co.,* 66 Cal. 152, [4 Pac. 1150] ; *Bowen* v. *Wendt,* 103 Cal. 238, [37 Pac. 149] ), and that, therefore, an action to abate such a nuisance by an individual who has

been specially damaged cannot be barred by the statute of limitations. This argument is based upon the contention that the complaint reveals "a public nuisance amounting to an actual obstruction of public right." (Civ. Code, sec. 3490, *supra.*) The determination of that question is not necessary to a decision here, and we deem it sufficient to say that the action does not affirmatively appear to be barred. Hence, the demurrer on that ground is not tenable.

3. We are not advised upon what ground the demurrer was sustained by the court below, but we assume that it was for uncertainty in the complaint. We proceed to consider the various assignments in that regard. Plaintiff was not required to inform defendant of the time when it made, dug and constructed the gas works and appurtenances. It is positively alleged that it was long prior to the time of the commencement of this action and it inferentially appears that it was more than two years before that time. This is a matter peculiarly within the knowledge of defendant and it cannot be heard to complain that plaintiff has not alleged the fact with sufficient certainty. Besides, it is a consideration rather of inducement, as the action is really based upon the alleged negligence of defendant in the maintenance and operation of its gas works, and the exact date of the construction is not important as far as the complaint is concerned.

It seems to us that no greater certainty is required as to the time during which the gases have escaped and permeated the soil. It does clearly appear that this continued for "the two years last past," and the claim for damages in that respect is confined to that period. If defendant desires to have it shown that it has continued so long as to make available the statute of limitations it can be so presented in the answer. The statute of limitations is an affirmative defense and the burden is not upon plaintiff to show in his complaint affirmatively that the action is *not barred.* The suggestions already made will apply to the criticism as to the uncertainty in respect to the time when the water was rendered unfit for use.

The objection "that it does not appear therefrom wherein the damage claimed to have been sustained by plaintiff differs in kind from that of the public" has been sufficiently considered. If this had been confined to the latter portion of

the complaint the contention would have to be upheld, but, as we have seen, it is too broad in its application.

There is nothing in the point that "it does not appear wherein or by what means the existence, maintenance or operation of defendant's gas works . . . is a menace to the safety or health or comfort or enjoyment of plaintiff or his home," etc. The allegation in reference to noxious, offensive and poisonous odors, vapors, smoke, soot, cinders, etc., would seem to answer this objection.

The only other assignment is that "it does not appear therefrom when plaintiff was by the acts complained of compelled to or did dig ditches or put down water mains or pipes for the conveyance of water to his dwelling," and when the damages were sustained. This is pleaded as an item of special damage and the defendant has a right to be informed with reasonable certainty when the expense as an element of damage was incurred. But it seems to us that a fair construction of the complaint leads to the conclusion that this occurred within two years. The expression, "within the aforesaid period" refers to the phrase "within two years last past," with which it is clearly connected. The particularity of the common-law pleading is not required under our practice, and it strikes us as rather a harsh rule that would require greater precision in this matter, especially in view of the fact that the amount claimed for this particular element of damage is so small.

We are constrained to hold that defendant should have been required to answer. The judgment is reversed, and the court below directed to overrule the demurrer, with permission to defendant to answer if so advised.

Chipman, P. J., and Hart, J., concurred.