## LIABILITY IN CASE OF VIOLATION OF A BUILDING CODE.

Circuit Court of Cuyahoga County.

THE BOARD OF TRUSTEES OF THE SECOND CHURCH OF CHRIST, SCIENTIST, v. GEORGE H. TIPLING.

Decided, June 28, 1910.

*Violation of Building Code—No Civil Liability to Adjacent Proprietor.*

The violation of a municipal building code by one proprietor of lands therein, does not create a civil liability in favor of his neighbor who claims he is being injured thereby.

*C. W. Dille* and *William Howell,* for plaintiff in error.
*Albert Lawrence,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

These two cases have been consolidated; they are separate appeals of the same case, or purport so to be.

The plaintiff prays for a mandatory injunction requiring the defendant either to remove his four-story brick apartment house to a distance of six feet from the north line of his lot, where it adjoins plaintiff's property, or to cause all openings in the northerly wall of said building to be closed, so as to comply with the building code of the city of Cleveland.

It appears that the defendant has erected his building up to his north line, under a permit regularly issued by the building inspector of the city; that he was granted the permit because of a condition in the deed from plaintiff to defendant binding the plaintiff to keep the southerly ten feet of its own land, adjacent to defendant's land, "free from buildings of any description whatever."

There is a general allegation in the amended petition that plaintiff "has no adequate remedy in the premises in the ordinary course of the law, and that it will be permanently and irreparably injured and damaged by the acts and threatened acts of the defendant." There is no allegation of special damage.

Upon the hearing evidence was introduced as to an increase in fire insurance rates occasioned to the plaintiff by reason of defendant building up to his line instead of six feet away from it. We find as a fact, however, that the rates have not been increased.

Other evidence was introduced to show a diminution in the value of plaintiff's property, on the theory, that it can not make use of much of its property for building purposes as it otherwise might, if defendant had not built up to his line. In other words, the building code requiring, as is claimed, that there be a twelve foot space between such buildings with side windows, plaintiff will have to keep twelve feet away from its south line, if it ever desires to build on the south and west part of its property here-after, being two feet more than the ten foot strip originally covenanted not to build upon.

The building code is so indefinite that we are not at all sure that such would be the result. We are inclined to believe that when the time comes the building inspector can not require plaintiff to keep more than six feet from its south line, which is the north line of defendant's land and building.

Be that as it may it is immaterial, for the covenant calls for ten feet, the judge who tried the case below came to the conclusion that the building code was inapplicable in this case, and dismissed the petition. We think he was right in his conclusions, but will not restate them or the facts of the case, preferring to base our judgment upon other considerations, which lead to to a more general rule of law.

It is certain that were it not for the building code, which it is claimed has been violated, no injunction should be granted in this case, first, because the building of defendant is not a nuisance, *per se,* and second, because no irreparable damage which can not be compensated at law, is shown to exist. Both these propositions are very fully covered and the reasons therefor clearly stated in the case of *Rhodes* v. *Dunbar,* 57 Pa. St., 274. The following sentences will be found in the syllabus of the case:

"Courts will restrain erection of building intended for use that will be a nuisance *per se.*

"Mere diminution in value of property, without irreparable mischief, is not ground for equitable relief by injunction.

"That erection of building will increase rates of insurance upon neighboring buildings is not ground for injunction to restrain such erection."

In the opinion it is pointed out that not mere diminution in property values will authorize an injunction, but there must be some direct damage.

"Grant that the species of property in question is extra hazardous; is subject to fires; this on the authority of all the cases, would not render it a nuisance.   It does not necessarily affect health, comfort, or the ordinary uses and enjoyment of property in the neighborhood."

The cases relied upon by counsel for plaintiff seem to ignore this fundamental jurisdictional requirement in injunction cases, and to assume that because the plaintiff's property is damaged in value, injunction will lie.

See *First National Bank* v. *Sarlis,* 129 Ind., 201, where what is said on this subject is mere *obiter,* for a demurrer to the petition was sustained on another proposition; at any rate the petition did at least allege that the erection of the building would work special injury.   The case of *O'Bryan* v. *Highland Apartment Co.,* 128 Ky., 282, cites and relies upon the Indiana case, as also the case of *Griswold* v. *Brega,* 160 Ill., 490.   In the Illinois case the commissioner of public buildings was a party and it was held that a city and its officers may be enjoined, at the suit of neighboring property owners, from granting a permit to remove a wooden building into a block upon a written consent of property owners, which consent was obtained by fraud, and was in part revoked in writing when the bill was filed.   The court on page 495 says:

"But without considering whether or not the doctrine of the Indiana case is in accord with the weight of authority, we must hold that the bill in this case was properly brought to restrain appellants from seeking to obtain, and the city authorities from issuing, the permit upon this fraudulent petition."

With this conclusion we agree.

Again, it would seem that the plaintiff must show that the injury he is about to suffer is different in kind and not merely greater in degree than that of the general public. *McCloskey* v. *Kreling,* 76 Cal., 511, 513. Increase in fire hazard, which is the only thing here involved, is common to the whole city from the erection of every new building; the property adjacent is only more subject to it.

This rule is adhered to in Ohio in street vacation cases; see *Kinnear Mfg. Co.* v. *Beatty,* 65 O. S., 264.

Notwithstanding it is conceded that the building of defendant is not a nuisance, *per se,* still it was urged on the hearing by counsel for plaintiff that the building code makes it a nuisance and that the plaintiff is damaged by it as by a nuisance.

This position is untenable. It has been repeatedly held that "the fact that a particular use of property is declared a nuisance by an ordinance of the city does not make that use of the property a nuisance, unless it is in fact so, and common within the common law, or statutory idea of a nuisance." *Wood on Nuisances,* Section 740.

This court is committed to that doctrine. *Deming* v. *City of Cleveland,* 22 C. C., 1.

So also it is held that a city can not by ordinance create a civil liability in favor of persons injured by reason of the non-compliances of others therewith (*Wood on Nuisances,* Sections 741, 742). A leading case upon the subject, frequently cited in text books and digests, is *Chambers* v. *Ohio Life Inst. Co.,* 1 Disney, 327, opinion by Judge Gholson. On page 336 he says:

"Something has been said in relation to the ordinances of the city, as applicable to this subject. It is sufficient to say that, as any liability in a civil action, these ordinances have no controlling application. The city has no authority by an ordinance, to authorize a nuisance, so as to protect a party from liability for it in a civil action, nor to subject a party to liability, in a civil action, for an act from which, but for the ordinance, no liability would arise. No such power is conferred on the municipal authority of a city; it belongs to the general legislation of the state. The city has power to prohibit nuisances, and may declare an act to be a nuisance, and impose a penalty. He who does the act may incur the penalty; but it would not follow that

such an act, if not in itself injurious and a wrong to a private citizen, could be made the ground of a liability in a civil action."

The same principle is recognized in *Van Dyke* v. *Cincinnati,* 1 Disney, 532; *Meek* v. *Pennsylvania Co.,* 38 O. S., 632; *Rose* v. *King,* 49 O. S., 213, 224, 225; *Jacobs* v. *Fuller & Hutsinpiller Co.,* 67 O. S., 70, 75 and 76.

That the Legislature itself could not lay a burden upon one man's land for the benefit of his neighbor's property is pointed out in the case of *Coal Co.* v. *Cozad,* 79 O. S., 348.

The court held:

"The act of April 18, 1904 (97 O. S., 138), may not be so construed and administered as to charge an owner of lands which are, and are to remain, unenclosed, with any part of the expense of constructing and maintaining a line fence for the sole benefit of the adjoining proprietor."

Many other cases in this state and other states might be cited to the same effect.

We therefore conclude that a violation of the building code of the city of Cleveland by one proprietor of lands therein, does not create a civil liability in favor of his neighbor who claims to be injured thereby.

We prefer to place our decision upon this principle rather than upon a consideration of the peculiar facts in this case, which are so fully and ably covered by the learned judge who presided at the first trial of this case in the common pleas court.

Petition dismissed and judgment for defendant.