[Civ. No. 4699. Third Appellate District.—March 29, 1933.]

HATTIE O'HAIR, Appellant, v. CALIFORNIA PRUNE & APRICOT GROWERS ASSOCIATION (a Corporation) et al., Respondents.

C. D. McComish for Appellant.

Rutledge & Rutledge and Milton D. Sapiro for Respondents.

PULLEN, P. J.—Plaintiff brought this action for damages and to enjoin the continuance of a nuisance by defendants upon her lands.

In 1912 the City of Colusa acquired a permanent right to discharge sewage into a slough flowing through the lands of plaintiff. In 1912 a prune processing plant was erected by Growers Packing & Warehousing Association, Inc., outside of but contiguous to the limits of the City of Colusa, and by permission of the city the sewer-pipes of said plant were connected with the sewer system of the city, and the waste waters from the plant which was operated by defend-

ant California Prune and Apricot Growers Association, a corporation, together with the sewage of the city, were conveyed through the septic system of the municipality and discharged into a slough on the lands of plaintiff. Neither the packing plant nor the city obtained the consent of plaintiff nor her predecessor in interest to thus dispose of the waters from the packing plant, and plaintiff now seeks damages for injuries to her lands, claiming the waters from the plant are impregnated with lye and other chemicals which create offensive odors, make the waters of the slough unfit for livestock to drink, and injure the lands for farming purposes.

The trial court found that the sewage and waste waters from the packing plant contained no alkali or other chemicals, but consisted only of water; that such discharge of sewage upon the lands of plaintiff was continuous, open, notorious and uninterrupted under claim of right and adverse to plaintiff and her predecessors and had so been since the erection of said plant in 1922, and that no damage was suffered by plaintiff whatsoever.

As to each of these findings plaintiff objects and appeals from the judgment based thereon.

As to the claim for damages, it was established that the City of Colusa had acquired a permanent right to discharge its sewage into a slough on to the lands of the plaintiff, and there was no showing that the city was limited as to quantity or type of sewage that could be thus discharged into the slough.

It furthermore appeared from the testimony of competent witnesses that the only sewage from the packing plant consisted of hot water and contained no lye, soda or chemicals of any kind whatsoever, and was entirely free from any obnoxious gas or odors.

The elements of damage being based upon disagreeable odors and the impregnation of the waters with chemicals, making the use thereof unfit for stock watering purposes, and injurious to the lands for farming purposes, not having been established, the finding that plaintiff suffered no damage must be sustained.

It is, as counsel point out, axiomatic that to obtain relief at law for a nuisance, plaintiff must show damage.

"Thus in *Jacob* v. *Day,* 111 Cal. 571 [44 Pac. 243], plaintiff sought relief for an alleged nuisance which consisted of a tailrace, sluiceway, cut or ditch, by which the water, bearing detritus from defendant's hydraulic mine, was carried across the land of plaintiff. Since plaintiff did not show the transportation of water across his land caused him injury, the court gave him no relief. Similarly in *Grandona* v. *Lovdal,* 78 Cal. 611 [21 Pac. 366, 368, 12 Am. St. Rep. 121], plaintiff claimed that a row of trees planted near the boundary line of his property constituted a nuisance. The court rejected his plea, stating: "His property was therefore not injuriously affected, nor his personal enjoyment lessened by the crowding."

■ Even if it be assumed plaintiff made some showing of damage, she did not even attempt to prove when it occurred. It was incumbent upon plaintiff, in order to establish collectible damages, that these should have accrued within the three-year period of limitations. (*Donahue* v. *Stockton Gas etc. Co.,* 6 Cal. App. 276, 282 [92 Pac. 196]; *Rankin* v. *DeBare,* 205 Cal. 639, 641 [271 Pac. 1050].)

■ The trial court found all of the elements of a prescriptive right were acquired by defendant association over a period of eight years of use. The function of an appellate court is to determine whether there is any substantial evidence in the record from which a rational inference may be drawn that such prescriptive right exists.

"In considering the sufficiency of the evidence to support· said finding we are not unmindful of the rule as thus stated in *Clarke* v. *Clarke,* 133 Cal. 667 [66 Pac. 10]: 'The burden is upon the party who claims by prescription to clearly prove by competent evidence all of the elements essential to such title. The user must have been adverse to the true owner and hostile to his title. It must have been actual, continued, open and under a claim of right. It must have all the elements necessary to acquire title by adverse possession. . . . It must, in some way, be asserted in such manner that the owners may know of the claim.' But that rule is especially for the guidance of the trial court. The principle which controls us is that if there is any substantial evidence in the record from which a rational inference may be drawn that said elements of prescriptive right exist, then this court as an appellate tribunal is bound by the finding of the trial

court.'' (*Turner* v. *Bush,* 43 Cal. App. 309 [185 Pac. 190, 191].)

The trial court therefore having determined the existence of the elements of a prescriptive right, this court is concerned only with whether or not there was substantial evidence in the record from which the trial court could find the necessary elements to establish such right.

Appellant, who had resided in the City of Colusa for many years, contends that she had no knowledge, either actual or constructive, of the use of her lands by defendant prune association, that it was adverse, and was a continuing nuisance.

It is our function to examine the record to ascertain if the findings, adverse to plaintiff, find substantial support, in the record. It is undisputed that defendant plant has since 1922 openly and visibly used the connecting sewer line to convey its waste waters to the city system. Such permission was granted at a public meeting of the city council, and at that time made a matter of record. We cite this not that it is constructive notice to plaintiff as contended by respondent, but merely that the use was not created clandestinely nor by stealth or subterfuge. The testimony of the son of plaintiff shows that since approximately 1921 he has been in charge of the O'Hair ranch, and that the water from the slough became more black and polluted some seven or eight years prior to the filing of the present action. Also, whether or not the use is adverse is a question of fact, and the court on substantial evidence having found the same to be adverse, will not be questioned here.

In like position is the question that the nuisance alleged is a continuing nuisance, but there is nothing in the evidence so showing and no issue or finding was made thereon. Regardless, however, of the prescriptive rights of plaintiff a use of the lands of plaintiff by defendant for a period of eight years does not show the necessary diligence in the assertion of her rights and she must be held to be barred by her own laches.

Plaintiff moved for a new trial on the ground of newly discovered evidence. It appears that during the progress of the trial in an action brought by De Jarnatt against California Prune and Apricot Growers Association, the association had given plaintiff therein permission to dis-

pose of sewage through their sump. The record is conflicting as to whether the use was "newly discovered" by plaintiff. The trial court held adversely to plaintiff on that point and we see no abuse of discretion in so holding.

It therefore appears plaintiff has been unable to establish damage or that she is entitled to any equitable relief, or to a new trial, and for that reason the judgment and order of the trial court must be affirmed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.